**FILED**

DEC 0 5 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE, )<br><br>Plaintiff, )<br><br>vs. )<br><br>DICK PACIFIC/GHEMM JOINT VENTURE; CONTINENTAL CASUALTY CO.; NATIONAL FIRE INSURANCE CO. OF HARTFORD; SEABOARD SURETY CO.; and ST. PAUL FIRE AND MARINE INSURANCE CO., )<br><br>Defendants. ) | A03-290 CV (JWS)<br><br>**ORDER FROM CHAMBERS**<br><br>[Re:  Motions at Docket 146-1, 146-2] |

### I. MOTIONS PRESENTED

At docket 146-1 and 146-2, Poong Lim Pert/Joint Venture ("Poong Lim") has filed a motion in limine and a summary judgment motion, respectively.  The motion in limine addresses testimony given at depositions conducted pursuant to Federal Rule of Civil Procedure 30(b)(6).  The summary judgment motion seeks dismissal with prejudice of count two of the counterclaim by Dick Pacific/Ghemm Joint Venture ("DPG") against

250



Poong Lim.  At docket 199, DPG opposes both motions.  DPG has requested oral argument, but it would not assist the court.  Therefore, DPG's request is denied.[1]

## II. DISCUSSION

### A. Summary Judgment Motion

DPG contends, in count two of its counterclaim, that Poong Lim must indemnify it if it is found liable for damages suffered by entities working on the construction project at the root of the dispute between DPG and Poong Lim.[2]  In briefing filed with the court on September 2, 2005, DPG represents that it has settled a damages claim by International Steel and that it "anticipates providing the court ... with settlement documents in the near future."[3]  It is now three months later and the court still has not received those documents.  As for other claims, DPG suggests that one may be made by a company called Alcan, but it also states that Alcan may never assert a claim.[4]

DPG seems to recognize that count two was pleaded prematurely.  It offers that count two be stayed with respect to International Steel's claim and, regarding Alcan's potential claim, be dismissed without prejudice.[5]  Rather than staying one portion of count two while dismissing the other, the court will dismiss count two in its entirety without prejudice to re-filing.[6]  This is appropriate because count two seeks indemnity for damages that, as far as the record shows, are not now and may never be DPG's responsibility.  If DPG is ever found liable for damages for which it believes Poong Lim

---

[1]D. Alaska R. 7.2(a)(3)[B].

[2]DPG also asserts that Poong Lim must defend DPG against claims brought by those entities.  In an earlier order, the court held that Poong Lim does not owe a duty to defend DPG.  Doc. 112, pp. 5-7.

[3]Doc. 199, pp. 21-22.

[4]Id., p. 22.

[5]Id., p. 23.

[6]The court considers count two to be based exclusively on International Steel and Alcan's claims because that is how Poong Lim characterizes the count, see Doc. 146, p. 35, and DPG has not objected to that characterization.



must indemnify it, it may request leave to re-file count two.[7]

## B. Motion in Limine

In its motion in limine, Poong Lim complains about testimony given by DPG's representatives at depositions conducted pursuant to Rule 30(b)(6). Those depositions dealt with DPG's counterclaim against Poong Lim. Initially, DPG designated Keith Moatz as its Rule 30(b)(6) representative. He was deposed, but Poong Lim was not happy with his testimony and requested another Rule 30(b)(6) deposition. DPG responded by designating Moatz, Ron Young, Robert Parker and Michael Chung as its Rule 30(b)(6) representatives. All four were deposed but, according to Poong Lim, their testimony still did not answer all its questions.

Poong Lim now requests that the court sanction DPG for its representatives' failures to answer all the questions posed at their depositions. The sanction that Poong Lim has in mind is an order "precluding DPG from introducing evidence at trial which is contrary or additional to" the testimony given at the depositions.[8] Poong Lim also seeks to recover its costs associated with deposing Moatz and bringing its motion in limine.[9]

The court will not impose the sanction that Poong Lim seeks. An order preventing DPG from producing evidence at trial that is "contrary" or "additional" to testimony given at the Rule 30(b)(6) depositions would turn the trial into a circus. The court can only imagine how many objections might be made on the ground that evidence is "contrary" or "additional" to what was said at a deposition.

Although that scenario should be avoided, Poong Lim is entitled to answers to its questions. To that end, the court will allow Poong Lim to serve DPG with interrogatories that ask the questions Poong Lim believes were not answered at the Rule 30(b)(6) depositions. Before serving any interrogatories, however, Poong Lim should consider

---

[7]*See* FED. R. CIV. P. 13(e) ("A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading").

[8]Doc. 146, p. 1.

[9]*Id.*, p. 34.

which questions are still relevant, given the dismissal of count two of DPG's counterclaim, or have already been answered through means other than depositions.

As for its costs, Poong Lim's argument seems to be that they are recoverable under Federal Rule of Civil Procedure 37(d).  That rule allows a party to recover the reasonable expenses it incurs when another party's representative fails to "appear" at a Rule 30(b)(6) deposition.  Poong Lim argues that Moatz gave such poor testimony that he essentially failed to "appear" at his depositions.

Assuming that a deponent's testimony can be so unhelpful that it constitutes a failure to "appear" at a deposition, Moatz's testimony was not that bad.  Although he failed to answer questions that, as DPG's Rule 30(b)(6) representative, he should have been able to answer, he often mitigated that failure by referring Poong Lim to documents or people that could answer its questions.[10]  And there were good reasons why he could not answer several other questions.  Some of them concerned DPG's indemnity claims, which were not ripe when Moatz was deposed.[11]  Other questions were about specific dates,[12] which are easily forgotten.

### III. CONCLUSION

For the reasons set out above:

1) The summary judgment motion at docket 146-2 is **GRANTED** in part.  Count two is **DISMISSED** without prejudice to re-filing if that becomes appropriate.

2) The motion in limine at docket 146-1 is **DENIED**, but Poong Lim may serve additional interrogatories on DPG, as discussed above.  If Poong Lim serves additional interrogatories on DPG, it must do so by hand or facsimile not later than **Tuesday, December 13, 2005**.  If Poong Lim timely serves interrogatories, DPG shall have until **Monday, January 9, 2006**, to respond.

---

[10]*See, e.g.*, Doc. 199, ex. 1, transcript of deposition of Keith Moatz on February 10, 2005, p. 110, ll. 8-15, p. 147, ll. 7-13.

[11]*See, e.g., id.*, ex. 1, transcript of deposition of Keith Moatz on February 10, 2005, p. 83, ll. 11-13, ex. 4, transcript of deposition of Keith Moatz on June 22, 2005, pp. 12-18.

[12]See, *e.g., id.*, ex. 1, transcript of deposition of Keith Moatz on February 10, 2005, p. 67, ll. 18-20.

DATED at Anchorage, Alaska, this 5th day of December 2005.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A03-0290--CV (JWS)    12-5-05

B. DAVISON
J. HOLDEN (OLES)