UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE, | ) ) ) ) | |
| Plaintiff, | ) ) | A03-290 CV (JWS) |
| vs. | ) ) ) ) | ORDER AND OPINION<br><br>[Re:   Motion at Docket 153] |
| DICK PACIFIC/GHEMM JOINT VENTURE; CONTINENTAL CASUALTY CO.; NATIONAL FIRE INSURANCE CO. OF HARTFORD; SEABOARD SURETY CO.; and ST. PAUL FIRE AND MARINE INSURANCE CO., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**I. MOTION PRESENTED**

At docket 153, Dick Pacific/Ghemm Joint Venture and the other defendants (collectively, "DPG") have filed a motion *in limine* requesting "an order preventing Poong Lim[/Pert Joint Venture] or its experts from submitting any evidence that the shop drawing review period is anything other than the contract prescribed 'minimum of 30

calendar days.'"[1] At docket 178, Poong Lim/Pert Joint Venture ("Poong Lim") opposes DPG's motion. The parties have requested oral argument, but it would not assist the court and, therefore, their requests are denied.

## II. DISCUSSION AND CONCLUSION

First, a word about an assumption called for by DPG's motion. One of Poong Lim's claims is that DPG breached their contract by causing delays in the review of Poong Lim's shop drawings.[2] That claim implies DPG had a duty to either timely review Poong Lim's shop drawings or obtain some other entity's timely review. However, the parties have not pointed to a provision in their contract explicitly setting forth that duty. They cite Clause VI, but that clause explicitly sets out only Poong Lim's duties: "Subcontractor [Poong Lim] shall comply with submittal procedures as noted in the contract documents, and other procedures as established by the Contractor [DPG]."[3] Still, the parties assume Clause VI also implies DPG's duty to timely review, or obtain timely review of, Poong Lim's shop drawings. For purposes of resolving DPG's motion, the court will make that assumption, too.

Citing the "contract documents" referred to in Clause VI, DPG argues it was allowed thirty days to review or obtain review of Poong Lim's shop drawings. Poong Lim does not contend that those documents established a thirty-day review period. Instead, it argues that DPG assumed a duty to review its shop drawings in fourteen

---

[1] Doc. 153, pp. 1-2.

[2] Doc. 1, p. 7, ¶ 12(b).

[3] Doc. 153, ex. 1, p. 9.

days and advances two conflicting theories to support that argument. According to the first theory, DPG established a fourteen-day review period as one of the "other procedures" it was allowed to create under Clause VI that was additional to the thirty-day review period.[4] Under the second, the fourteen-day review period "superseded" the thirty-day review period.[5]

DPG believes evidence of a fourteen-day review period is barred by the parole evidence rule. That rule applies to this action because it is recognized under Alaska law,[6] which the parties' contract incorporates.[7] It involves several issues, but the parties dispute only one: whether evidence of a fourteen-day review period conflicts with the provision in Clause VI establishing a thirty-day review period. Because that is the only issue joined by the parties, it is the only one the court will address.

Whether evidence of a fourteen-day review period would run afoul of the parol evidence rule depends on which theory Poong Lim uses to support the existence of such a review period. The rule would prohibit Poong Lim from offering evidence that the fourteen-day review period superseded the thirty-day review period because that evidence would conflict with the provision in Clause VI setting up the thirty-day review period. However, the rule would not bar evidence that DPG's "other procedures" included a fourteen-day review period that was additional to the thirty-day review period.

---

[4]Doc. 178, p. 7.

[5]*Id.*, p. 8.

[6]*Froines v. Valdez Fisheries Dev.*, 75 P.3d 83, 86 (Alaska 2003) (citing ALASKA STAT. § 45.02.202).

[7]Doc. 153, ex. 1, p. 13, Clause XVII.

Rather than conflicting with the provision requiring a thirty-day review period, that evidence could potentially explain the provision allowing DPG to establish additional and unspecified "other procedures."

Given Poong Lim's conflicting representations about how it might use evidence of a fourteen-day review period, the best the court can do with DPG's motion is to grant it in part and deny it in part. It is **GRANTED** to the extent that Poong Lim seeks to offer evidence that the fourteen-day review period superseded the thirty-day review period. It is **DENIED** to the extent that Poong Lim intends to offer evidence that the fourteen-day review period was one of the "other procedures" that Clause VI allowed DPG to establish in addition to the procedure calling for review within thirty days.

DATED at Anchorage, Alaska, this 5th day of January 2006.

                                            /s/
                              JOHN W. SEDWICK
                    UNITED STATES DISTRICT JUDGE