UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE, | ) ) ) ) | |
| Plaintiff, | ) ) | A03-290 CV (JWS) |
| vs. | ) ) ) ) | ORDER FROM CHAMBERS [Re: Motion at Docket 148] |
| DICK PACIFIC/GHEMM JOINT VENTURE; CONTINENTAL CASUALTY CO.; NATIONAL FIRE INSURANCE CO. OF HARTFORD; SEABOARD SURETY CO.; and ST. PAUL FIRE AND MARINE INSURANCE CO., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**I.  MOTION PRESENTED**

At docket 148, Poong Lim/Pert Joint Venture ("Poong Lim") moves for summary judgment on the claim by Dick Pacific/Ghemm Joint Venture ("DPG") for damages from extended home office overhead.  At docket 188, DPG opposes Poong Lim's motion.  At docket 223, Poong Lim has filed a reply in support of its motion.  DPG has requested oral argument, but its request is denied because the parties' briefs thoroughly address the issues necessary to resolving Poong Lim's motion and oral argument would not further assist the court.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law. The moving party has the burden to show that material facts are not genuinely disputed.[1] To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[2] Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[3] The court must not assess the credibility of this evidence, and must draw all justifiable inferences from it in favor of the nonmoving party.[4]

## III. DISCUSSION

DPG calculates its damages from extended home office overhead according to the so-called *Eichleay* formula, but it is not entitled to use that formula. A party seeking to use that formula must show that 1) its work was delayed; 2) the delay extended either the original time for performance or, if it expected to finish before then, an earlier time for performance; and 3) it was "*on standby and unable to take on other work during the delay period.*"[5] DPG has not made the third showing. In fact, it alleges that it was able to take on other work. That work may not have been what it "intended" or "planned" on

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[2] *Id.* at 325.

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[4] *Id.* at 255.

[5] *Nicon, Inc. v. United States*, 331 F.3d 878, 883 (Fed. Cir. 2003) (citations omitted and emphasis added).

doing,[6] but that is irrelevant to determining whether it is entitled to use the *Eichleay* formula.

## IV. CONCLUSION

For the reasons set out above, the motion at docket 148 is **GRANTED**.

DATED at Anchorage, Alaska, this 8th day of February, 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6] Doc. 188, p. 28.