Bruce E. Davison, ABA 8211111
Joseph A. Pollock, ABA 9611070
DAVISON & DAVISON, INC.
3351 Arctic Boulevard
Anchorage, AK  99503
Phone:  907-563-6555
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use POONG LIM/PERT JOINT VENTURE,<br><br>    Plaintiff,<br><br>    v.<br><br>DICK PACIFIC/GHEMM JOINT VENTURE, CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE CO. OF HARTFORD, SEABOARD SURETY CO., and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>    Defendants. | Case No. A03-0290 Civ. (JWS)<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION** |

   DPG respectfully moves the Court to reconsider its Order of February 8, 2006.  This motion is brought pursuant to Local Rule 59.1.  The basis for the motion is that it appears that the Court has overlooked or misconceived material facts and propositions of law.

   The Court's February 8, 2006, Order dismissed DPG's damage claim against Poong Lim for extended home office overhead.  The Court relied on <u>Nicon, Inc. v. United States</u>, 331 F.3d 878 (Fed. Cir. 2003).  Nicon sought damages for

MEMO IN SUPPORT OF
MOTION FOR RECONSIDERATION
<u>Poong Lim v. Dick Pacific, et al.</u>   1
Case No. A03-0290 Civ. (JWS)

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

unabsorbed home office overhead resulting from a delay between award of a government contract and termination for convenience by the United States which forced Nicon to remain on "standby." Id. at 881.  The issue was whether Nicon could use the *Eichleay* formula as a basis for calculating the extended home office overhead award.  Id. at 883-884.  The Court determined that the contractor was unable to use the *Eichleay* formula to recover extended home office overhead because the contractor's performance never actually began.  Id. at 884.  The Court stated:

> The Court of Federal Claims was therefore correct in concluding that the *Eichleay* formula is only applicable in situations in which contract performance has begun.  However, that does not mean that the contractor, who is required to remain on standby because of a government-caused delay but is never allowed to begin performance, may not receive some of its unabsorbed home office overhead as part of its termination for convenience settlement by some other method of allocation.  Id. at 884.

The Court remanded the case for a determination of the proper calculation of the Nicon's unabsorbed overhead costs.  Id. at 888.

Here, the Court's reliance upon Nicon as precedent to completely bar DPG's extended home office overhead damages is inappropriate.  The Court in Nicon was applying federal law to a federal contract between a prime contractor and the U.S. Government.  Instead, DPG is seeking damages from its subcontractor, Poong Lim, pursuant to a private contract governed by Alaska law. (See, Complaint, Ex. 1, Clause 17.)  Further, Nicon is factually distinguishable from the case at bar because in Nicon the government precluded the contractor from performing on the project at all whereas in the instant case, it is the delays and disruptions of Poong Lim during performance for which DPG seeks damages.

Under Alaska law, the goal of damage awards for breach of contract is to place the injured party in as good as position as they would have been had the contract been fully performed.  City of Whittier v. Whittier Fuel and Marine Corp.,

LAW OFFICE OF
DAVISON & DAVISON, INC.
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

MEMO IN SUPPORT OF
MOTION FOR RECONSIDERATION
Poong Lim v. Dick Pacific, et al.
Case No. A03-0290 Civ. (JWS)
2

577 P.2d 216, 222 (Alaska 1978). The plaintiff in a contract action need not prove damages with mathematical precision, such damages need only be proved to a "reasonable certainty." State v. Northwestern Construction, Inc., 741 P.2d 235, 237 (Alaska 1987).

Further, the Alaska Supreme Court has stated:

> We will not require that a plaintiff in a contract suit present an accountant's balance sheet in order to substantiate its damages. Once actual damages are shown and there is a reasonable basis for computing an award, a defendant's opportunity for pre-trial discovery of the evidentiary basis for the amount claimed, the right to cross-examine witnesses and to present evidence, as well as the judge's duty to instruct the jury on the issue of certainty provide adequate protection against speculative verdicts. City of Whittier, 577 P.2d at 224.

The undersigned was unable to find any Alaska cases specifically addressing the application of the *Eichleay* formula. However, the Court has recognized overhead and unabsorbed home office overhead as being appropriate elements of contract damages. Quality Asphalt Paving, Inc. v. State, 71 P.3d 865, 877 (Alaska 2003); State v. Northwestern Construction, 741 P.2d 235, 240 (Alaska 1987)(overhead awarded as measure of contract damages where supported by testimony of expert); Geolar, Inc. v. Gilbert/Commonwealth, 874 P.2d 937, 943-944 (Alaska 1994)(allowance of "overhead per unit of time" as damages).

Poong Lim did not object to whether or not it delayed DPG's performance and caused DPG to incur unabsorbed home office overhead. Poong Lim simply argued that calculating damages based on the *Eichleay* formula was improper. DPG presented evidence in opposition to Poong Lim's motion of its entitlement to unabsorbed home office overhead and also evidence as to the amount of those damages. (See, September 1, 2005, Affidavit of Michael Jens, paras. 47 through 61.)

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

MEMO IN SUPPORT OF
MOTION FOR RECONSIDERATION
Poong Lim v. Dick Pacific, et al.                3
Case No. A03-0290 Civ. (JWS)

While Poong Lim's arguments question *Eichleay's* accuracy in computing the amount of damages, there can be no dispute that DPG submitted evidence as to its entitlement to home office overhead damages. DPG believes that the *Eichleay* formula presents a reasonable basis to determine such damages. Under Alaska law, DPG is not obligated to present overhead damages with mathematical precision. Like the contractor in Nicon, DPG should be allowed the opportunity to present evidence at trial of its home office overhead damages. Poong Lim is free to cross-examine DPG's witnesses as to the method of calculation or submit an alternative calculation for the Court's consideration. DPG was harmed and must be allowed a remedy. The Court cannot find as a matter of law that DPG is entitled to no home office overhead damages.

The Court found that DPG had not established that it was on standby or unable to take on other work during the delay period. Given Alaska damage precedent, this would not be a mandatory requirement for recovery of home office overhead damages. Further, the requirement that a party be on standby makes sense in the situation such as Nicon where the contractor undertakes no performance on its contract with the government. However, in the situation where the prime contractor is asserting a claim against one of its subcontractors, the requirement that the entire project come to a halt is unreasonable. The duty to mitigate damages requires the contractor to perform what it can to complete the project notwithstanding being delayed. DPG presented evidence that Poong Lim delayed the project causing DPG to incur unabsorbed home office overhead which damages it seeks to recover from Poong Lim. DPG also presented specific evidence in the form of the Affidavit of Mike Jens that "DPG was effectively suspended from completing its critical path work each time there was a delay to the project." (Para. 57.) Further, "DPG was not able to seek alternate replacement work in the Fairbanks area due to the insidious, unpredictable nature of the many small delays. . . ." Id. at para. 60.

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

MEMO IN SUPPORT OF
MOTION FOR RECONSIDERATION
Poong Lim v. Dick Pacific, et al.                    4
Case No. A03-0290 Civ. (JWS)

The delays at issue here were delays to the steel work caused by Poong Lim's supply of defective steel. While the project itself continued on, the defective steel had to be dealt with which caused the delays to the project. These types of delays are materially different from those addressed in <u>Nicon</u>, where Nicon was completely unable to begin performance of its contract.

In conclusion, in order to put DPG in as good a position as it would have been if Poong Lim had fully performed its contract, DPG must be awarded unabsorbed home office overhead damages. DPG has presented evidence in the form of its expert reports and affidavits, which must be taken as true in the context of a motion for summary judgment, which establish that DPG is entitled to damages and provides evidence of an amount. Based on Alaska damage precedent, this Court should not rule as a matter of law that DPG is completely unable to recover home office overhead damages.

DATED at Anchorage, Alaska this 16th day of February 2006.

        DAVISON & DAVISON, INC.
        Attorneys for Defendants Continental,
        National, Seaboard, St. Paul, and Dick
        Pacific/Ghemm, J.V.

By:   /s/ Joseph A. Pollock
    Joseph A. Pollock, ABA 9611070
    DAVISON & DAVISON, INC.
    3351 Arctic Boulevard
    Anchorage, AK 99503
    Phone: 907-563-6555
    Fax: 907-562-7873
    E-mail: japollock@gci.net

LAW OFFICE OF
DAVISON & DAVISON, INC.
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

MEMO IN SUPPORT OF
MOTION FOR RECONSIDERATION
<u>Poong Lim v. Dick Pacific, et al.</u>
Case No. A03-0290 Civ. (JWS)

5

THIS IS TO CERTIFY that on
the 16th day of February 2006 the original
above-referenced document was
filed by electronic delivery to:

U.S. District Court
222 W. 7TH Ave., Room 229
Anchorage, AK  99501

and I hereby certify that on the 16th day of February 2006,
a copy of the foregoing document was served electronically on:

Mr. Traeger Machetanz
OLES MORRISON RINKER & BAKER, LLP
745 W. 4th Avenue, Suite 502
Anchorage, AK 99501


 /s/ Julie Eibeck, Legal Secretary
Certification Signature

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

MEMO IN SUPPORT OF
MOTION FOR RECONSIDERATION
Poong Lim v. Dick Pacific, et al.           6
Case No. A03-0290 Civ. (JWS)