UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br><br>DICK PACIFIC/GHEMM JOINT VENTURE; CONTINENTAL CASUALTY CO.; NATIONAL FIRE INSURANCE CO. OF HARTFORD; SEABOARD SURETY CO.; and ST. PAUL FIRE AND MARINE INSURANCE CO.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | A03-290 CV (JWS)<br><br>ORDER FROM CHAMBERS<br><br>[Re:   Motion at Docket 254] |

## I.  MOTION PRESENTED

At docket 254, Dick Pacific/Ghemm Joint Venture ("DPG") moves the court to reconsider its order at docket 252.  The court has not requested a response to DPG's motion.

## II. DISCUSSION

DPG moves the court to reconsider its order on the grounds that the "the [c]ourt's reliance upon [*Nicon, Inc. v. United States*[1]] as precedent to completely bar DPG's extended home office overhead damages [was] inappropriate"[2] and that the court overlooked material facts.

### A. The Law

DPG's first argument is based on an incorrect reading of the order at docket 252. That order addressed the motion for summary judgment on DPG's "*Eichleay* claim for extended home office overhead" filed by Poong Lim/Pert Joint Venture ("Poong Lim").[3] The court granted the motion and, in doing so, decided only that DPG was not entitled to use the *Eichleay* formula to calculate the amount of its damages from extended home office overhead. The court did not address the merits of DPG's claim to those damages. Consequently, it did not "completely bar" that claim. The claim is still alive to the extent that it is meritorious and that any corresponding damages can be calculated by methods other than the *Eichleay* formula.

### B. The Facts

The court's conclusion that DPG was not entitled to use the *Eichleay* formula rested on its determination that DPG had not offered any evidence that it was "on standby and unable to take on other work" during any delays. DPG contends that the court overlooked paragraphs fifty-seven and sixty of R.M. Jens's affidavit and appears to argue that those paragraphs show that DPG was not able to take on other work.

In paragraph fifty-seven, Jens states that "DPG was effectively suspended from completing its critical path work each time there was a delay to the project ..., [which] resulted in indefinite delays to the project because DPG could not procede [sic] with its

---

[1] 331 F.3d 878 (Fed. Cir. 2003).

[2] Doc. 255, p. 2.

[3] Doc. 148, p. 1.

planned critical path work."[4]  This statement supports the fact that DPG could not do its *planned* work, but it fails to create an issue about whether DPG could do *other* work.

In paragraph sixty, Jens declares that "DPG was not able to seek alternate replacement work in the Fairbanks area due to the insidious, unpredictable nature of the many small delays; the local economy; the inclimate [sic] winter weather and the fact that DPG is a business headquartered in Hawaii."[5]  This statement could be read as suggesting that DPG was not able to take on other work but, notably, that is not how DPG's counsel reads it.  In DPG's opposition to Poong Lim's motion, he cites it for the proposition that "DPG was unable to perform other work efficiently due to inclimate [sic] winter weather conditions."[6]  And immediately after citing it in DPG's motion for reconsideration, he notes that despite delays, "the project itself continued on."[7]  Taken together, those constructions indicate that counsel's understanding of Jens's statement was that DPG took on other work but could not perform it efficiently.

That understanding is consistent with the rest of Jens's affidavit, in which he declares that: 1) "DPG was forced to perform under winter weather conditions";[8] 2) "DPG significantly mitigated its damages and prevented even further and much larger damages to the project by resequencing the schedule for the project";[9] 3) "DPG prepared a resequenced schedule that still allowed for the overall completion of the project within the contract time frame";[10] 4) "[The alleged delays] forced certain aspects of DPG's work into winter weather ... [and] force[d] DPG to perform work under winter

---

[4]Doc. 188, affidavit of R.M. Jens, p. 17, ¶ 57.

[5]*Id.*, Jens aff., p. 18, ¶ 60.

[6]*Id.*, p. 27.

[7]Doc. 255, p. 5.

[8]Doc. 188, Jens aff., p. 3, ¶ 10.

[9]*Id.*, Jens aff., p. 6, ¶ 22.

[10]*Id.*, Jens aff., p. 9, ¶ 32.

weather conditions instead of during warmer weather as DPG had originally planned";[11] 5) "In taking ... actions [to work in the winter], DPG was fulfilling its obligation to mitigate potential damages instead of simply standing by."[12]  These statements clearly suggest that despite alleged delays, DPG never stopped working.

Considering DPG's counsel takes Jens's statement in paragraph sixty to mean DPG was able to take on other work, and every other relevant statement in Jens's affidavit suggests the same thing, the court concludes that the statement does not create a genuine issue about whether or not DPG was able to take on other work.

Besides arguing that the court overlooked facts indicating that it could not perform other work, DPG also insists it did not have to offer those facts.  It contends that "[g]iven Alaska damage precedent, [being unable to take on other work] would not be a mandatory requirement for recovery of home office overhead damages."[13]  It also asserts that such a requirement does not make sense in this case.

The first argument misses the point and the second will not be considered.  The first argument misses the point because the court's order did not address *recovery* of home office overhead.  It only discussed *calculating* that overhead.  The inability to take on other work is relevant to that inquiry, regardless of what "Alaska damage precedent" says about recovering overhead.

The second argument will not be considered because it is a legal argument that was not raised in the briefing on Poong Lim's motion.  In that briefing, both parties cited case law listing the inability to take on other work as a prerequisite to applying the *Eichleay* formula.  Neither party suggested this case's facts justify ignoring that requirement, and it is not proper procedure to raise that argument after the briefing has been completed and the court has issued its order.

---

[11]*Id.*, Jens aff., p. 16, ¶ 53.

[12]*Id.*, Jens aff., pp. 16-17, ¶ 55.

[13]Doc. 255, p. 4.

## III. CONCLUSION

For the reasons set out above, the motion at docket 254 is **DENIED**.

DATED at Anchorage, Alaska, this 22nd day of February, 2006.

/s/<br>
JOHN W. SEDWICK<br>
UNITED STATES DISTRICT JUDGE