UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE,<br><br>        Plaintiff,<br><br>    vs.<br><br>DICK PACIFIC/GHEMM JOINT VENTURE; CONTINENTAL CASUALTY CO.; NATIONAL FIRE INSURANCE CO. OF HARTFORD; SEABOARD SURETY CO.; and ST. PAUL FIRE AND MARINE INSURANCE CO.,<br><br>        Defendants. | 3:03-cv-00290-JWS<br><br>ORDER AND OPINION<br><br>[Re:  Motions at dockets 149 and 164] |

## I.  MOTIONS PRESENTED

At docket 149 plaintiff Poong Lim/Pert Joint Venture ("Poong Lim") has moved to exclude the testimony of Dr. Raymond Tide, an expert retained by defendant Dick Pacific/Ghemm Joint Venture ("DPG").  At docket 164 Poong Lim has moved to exclude the testimony of Michael Jens, also an expert retained by DPG.  The motions at bar are among several motions brought by the parties in this action to bar the introduction of evidence.  Poong Lim seeks to bar the testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and FED. R. EVID. 702 and 703. The motions have been fully briefed, and the court has determined that oral argument would not assist in deciding the issues presented by the motions.  DPR's requests for oral argument are denied.[1]

---

[1] D.AK. LR 7.2(a)(3)[B].

## II.  BACKGROUND

DPG was selected as the prime contractor on the Bassett Hospital replacement project, a public works construction project at Fort Wainwright, an Army post near Fairbanks, Alaska. DPG subcontracted certain work on the project to Poong Lim.  Under the subcontract, DPG agreed to pay Poong Lim $6,519,655 for shop fabrication drawings, structural steel, and erection aids.  Poong Lim's complaint asserts that DPG breached the subcontract and seeks to recover additional compensation.  DPG denies that additional compensation is owed, alleging that Poong Lim breached the subcontract.

Dr. Tide was retained by DPG to analyze the quality and adequacy of the structural steel, shop drawings, and detailing work performed by Poong Lim and its subcontractors.  Poong Lim concedes the qualifications of Dr. Tide to testify as an expert in the field, but challenges the methodology utilized by Dr. Tide in reaching his conclusions and the factual bases for them, and asserts they are, therefore, invalid and inadmissible.  Dr. Tide rendered a written report and has been deposed by Poong Lim.

Jens was retained by DPG to analyze the time and cost impacts caused by the allegedly faulty and defective fabrication and late delivery of structural steel that affected overall completion of the Bassett Hospital construction project.  As with Dr. Tide, Poong Lim challenges the methodology utilized and factual bases for the conclusions of Jens and also challenges Jens' qualification to testify.  Jens also rendered a written report and has been deposed by Poong Lim.

DPG argues in response, without conceding the existence of any specific deficiency, that the deficiencies, if any, in the methodology and factual bases go to the weight to be given the testimony of Dr. Tide and Jens, not its admissibility.  For the reasons set forth below, the court agrees with DPG.

## III.  APPLICABLE STANDARD

Expert testimony is admissible under FED. R. EVID. 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in

>issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The facts or data upon which an expert may base an opinion are specified in FED. R. EVID. 703:

>The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

*Daubert* requires the district court to perform the role of a gatekeeper to determine the admissibility of all forms of expert testimony, even the non-scientific testimony at issue here.[2] The Supreme Court has emphasized that "[t]he inquiry envisioned by Rule 702 is . . . a flexible one,"[3] and must be "tied to the facts of a particular case."[4] "Concerning the reliability of non-scientific testimony such as [Tide's/Jens'], the '*Daubert* factors (peer review, publication, potential error rate, *etc.*) simply are not applicable to this kind of testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it.'"[5]

---

[2] *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147 (1999); *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004).

[3] *Daubert,* 509 U.S. at 594

[4] *Kumho Tire,* 526 U.S. at 150 (internal quotation marks omitted).

[5] *Hangarter,* 373 F.3d at 1017 (quoting *Mukhtar v. California State Univ.,* 299 F.3d 1053, 1059 (9th Cir. 2002)) (emphasis in original).

## IV.  DISCUSSION

A.  *Qualification of Jens.*

Poong Lim argues that because he is not an accountant, Jens is not qualified to testify as to costs.  First, the court notes that Poong Lim has not cited any decision that held a person had to be an accountant to testify as to costs, and this court is not inclined to make such a *per se* determination.  Indeed, as DPG notes, at least one of the cases cited by Poong Lim permitted a person who was not an accountant to testify as to costs,[6] while the others are not apposite (decided on other grounds).

Jens holds an engineering degree with a minor in mathematics.  He has approximately 37 years experience, including experience in construction management and as a project manager, developing and reviewing construction budgets, costs, and schedules.  Jens is qualified to testify as to the costs associated with the construction delays at issue in this case.

B.  *Factual Bases for Opinions.*

Poong Lim makes a multi-prong attack on the conclusions reached by Dr. Tide and Jens in the reports submitted and at their depositions.  Therein lies the problem with the motions at bar.  The motions at bar seek to exclude the testimony of Dr. Tide and Jens by attacking the reports and deposition testimony.  Distilled to its essential elements Poong Lim's arguments are that the opinions are flawed because neither Dr. Tide nor Jens, in the opinion of Poong Lim, verified much of the information upon which each based his conclusions and some of that information or data was either incorrect, based upon sources that were inadmissible, or did not consider the impact if the facts differed.  In particular, Poong Lim argues that the opinions are based upon an uncritical acceptance (or "rubber stamping") of the position asserted by DPG as to the facts of the case without consideration of the facts as viewed from the perspective of Poong Lim.  The problem with Poong Lim's argument is at least twofold.  First, testimony of an expert need not be based upon facts within the expert's personal

---

[6] *Tasch v. Sabine Offshore Svcs* (*In re Tasch, Inc.*), 1999 U.S. Dist. Lexis 12368, 1999 WL 596261 (E.D. La. 1999)

knowledge and is commonly based upon facts assumed to be true (hypothetical questions).[7] Second, experts may testify based upon controverted facts or one party's or the other's version of the facts.[8] Indeed, it would be error for the court to exclude the testimony of an expert on the grounds that it is based upon one version of disputed facts.[9] That an expert relied upon a particular source for his opinion is not evidence of the truth of that source.[10]

To the extent Poong Lim seeks to challenge the correctness of the testimony of DPG's experts, its recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of its own expert witnesses.[11] Indeed, the Supreme Court stated in *Daubert*:[12] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." [13]

To draw upon a prior order concerning the admissibility of the testimony of Jordan Rosenfeld, the CPA retained by Poong Lim:[14]

> Based on the record before the court, [Poong Lim's] arguments about the accuracy and quality of the information relied upon by [Tide/Jens] go to the weight of [Tide's/Jens'] testimony, not its admissibility. Under such circumstances, it will be for the parties to

---

[7] JOHN W. STRONG, MCCORMICK ON EVIDENCE, § 14 (5th ed. 2002).

[8] *See Barefoot v. Estelle*, 463 U.S. 880, 905 n.10 (1983).

[9] *Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (5th Cir. 2003); *see* FED. R. EVID. 702, ADVISORY COMMITTEE NOTE (2000 Amendment) ("The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.").

[10] *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1162 (9th Cir. 1984).

[11] *Humetrix, Inc. v. Gemplus, S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001).

[12] 509 U.S. at 596.

[13] *See also* FED. R. EVID. 705 ("The expert may testify in terms of opinion or inference and give reasons therefor without first testifying to the underlying facts or data, unless the court requires otherwise. *The expert may in any event be required to disclose the underlying facts or data on cross-examination*.") (emphasis added).

[14] Docket 244, pp. 3–4; *United States ex rel Poong Lim/Pert J.V. v. Dick Pacific/Ghemm J.V.*, 399 F.Supp.2d 1040, 1041–1042 (D. Ak. 2005).

> persuade the fact-finder at trial which of the competing views of [Tide's/Jens'] opinions to accept.

In footnote 8 to the above, the court explained further:

> If, after all the evidence is heard at trial, it is established that [Tide's/Jens'] opinions actually do depend on substantially flawed data, as was the situation of the expert in *Fletcher* [*Fletcher v. Trademark Const., Inc.*, 80 P.3d 725 (2003)] the court might then enter judgment for [Poong Lim].

The arguments advanced by Poong Lim do not persuade the court that a different result should be reached with respect to admissibility of the testimony of Dr. Tide and Jens on this point.[15]

C. *Methodology*.

Poong Lim, relying principally on the decisions of the U.S. Supreme Court in *Joiner* and the Ninth Circuit in *Lust*,[16] argues that both Dr. Tide and Jens did not adequately explain the methodology they utilized or the methodology utilized by those who prepared the information on which each relied. First, the court notes that neither *Joiner* nor *Lust* are apposite; unlike this case, both involved scientific testimony. In cases where the subject of the expert testimony is non-scientific, as the case at bar, education, training and experience, not necessarily methodology or theory, are more appropriate benchmarks for determining reliability.[17] Second, Poong Lim misreads the scope of *Joiner* and *Lust*. Both cases held that the trial court did not abuse its discretion in excluding the evidence, which is not necessarily the equivalent of saying that the trial court would have abused its discretion in admitting the testimony.[18]

---

[15] The court recognizes that the parties did not have the benefit of the order at docket 244 prior to briefing the motions at bar. Had the parties had that benefit, the court is confident that Poong Lim would not have advanced the arguments within that genre in the motions at bar.

[16] *General Electric Co. v. Joiner*, 522 U.S. 136 (1997); *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594 (9th Cir. 1996).

[17] *See, e.g., Hangarter.*, 373 F.3d at 1017.

[18] *Cf. Hangarter*, 373 F.3d at 1016 n.12, 1017, n.13.

In this case, both Dr. Tide and Jens have set forth in considerable detail the information that each reviewed, the source of that information, and the steps they took, if any, to verify the information. That is all that is necessary. Poong Lim's arguments regarding the conflict between the opinion of its expert and that of DPG's expert are, simply put, irrelevant to the issue of the admissibility of the opinion of either.[19] The reasonableness of the assumptions underlying the experts' opinions and criticisms of an expert's methods are for consideration by the trier of fact in weighing the evidence, *i.e.*, in the so-called "battle of experts," the power to determine the victor lies with the jury.[20] The same is true of the efforts of Poong Lim to impose on the court the burden of reviewing the testimony of the experts in detail to determine the credibility of the expert's rationale in the context of a *Daubert* hearing—that is likewise an issue for the trier of fact to resolve at trial.[21]

The court has reviewed the other contentions of Poong Lim and finds them to be without merit.

## V. CONCLUSION

For the forgoing reasons the motions at docket 149 and 164 are **DENIED**.

Dated: March 2, 2006

                                                           /s/
                                     JOHN W. SEDWICK
                       United States District Judge

---

[19] *Dorn v. Burlington Northern Santa Fe R.R.* Co., 397 F.3d 1193, 1196 (9th Cir. 2005).

[20] *Id.; Humetrix, supra.*

[21] *See Dorn, supra.*