# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:03-cv-290-JWS |
| vs. | ) ) | ORDER FROM CHAMBERS |
| | ) ) | [Re: Motion at Docket 151] |
| DICK PACIFIC/GHEMM JOINT VENTURE; CONTINENTAL CASUALTY CO.; NATIONAL FIRE INSURANCE CO. OF HARTFORD; SEABOARD SURETY CO.; and ST. PAUL FIRE AND MARINE INSURANCE CO., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## I. MOTION PRESENTED

At docket 151, plaintiff Poong Lim/Pert Joint Venture ("Poong Lim") moves for summary judgment on certain counterclaims. Defendants Dick Pacific/Ghemm Joint Venture, *et al.* ("DPG") oppose the motion, which has been fully briefed. Oral argument was requested by DPG, but it would not assist the court.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56© provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show that material facts are not genuinely disputed.[1]  To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[2]  Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[3]  The court must not assess the credibility of this evidence, and must draw all justifiable inferences from it in favor of the nonmoving party.[4]

## III.  DISCUSSION

DPG was selected as the prime contractor on the Bassett Hospital replacement project, a public works construction project at Fort Wainwright, an Army post near Fairbanks, Alaska.  DPG subcontracted certain work on the project to Poong Lim.  Poong Lim's complaint asserts that DPG breached the subcontract and seeks to recover additional compensation.  DPG denies that additional compensation is owed, alleging that Poong Lim breached the subcontract, and further alleging that as a result DPG is entitled to recover damages from Poong Lim.  In the motion at bar, Poong Lim

---

[1]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[2]*Id.* at 325.

[3]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[4]*Id.* at 255.

urges the court to characterize four of the specific claims advanced by DPG as "total cost" claims for which DPG cannot meet the criteria legally required for use of a total cost methodology.  In particular, Poong Lim contends that the requests to recover damages for the value of John Conover's extra work ("Conover claim"), costs incurred for the winter season of 2002/2003 ("Winter claim"), AMEC's additional inspection costs ("AMEC claim"), and the cost of additional bolts ("Bolts claim") should be dismissed.

The total cost method of proving damages resulting from breach of a construction contract is "universally disfavored."[5]  The Alaska Supreme Court has recognized that courts will not condone use of the method unless the proponent meets a four-part test requiring proof that (1) the peculiar nature of the particular loss renders it impossible or very impracticable to establish the damages to a reasonable certainty (2) the proponent's bid was a realistic one, (3) the proponent's actual costs were reasonable, and (4) the proponent was not responsible for the additional costs.[6]  Furthermore, the Alaska Supreme Court approved the comments by the Seventh Circuit Court of Appeals in *Fattore Co. v. Metropolitan Sewerage Comm'n*[7] indicating that the proponent of a claim cannot avoid its recognition as a total cost claim, by formulating it as a discrete item from a larger overall claim and then labeling the cost for the selected item as a "reasonable" estimate of the actual cost of the item selected.[8]  It is Poong Lim's position

---

[5]*Municipality of Anchorage v. Frank Coluccio Const. Co.*, 826 P.2d 316, 325 (Alaska 1992).

[6]*Id.*

[7]505 F.2d 1, 5-6 (7th Cir. 1974).

[8]*Frank Coluccio*, 826 P.2d 326-27.

that the Conover, Winter, AMEC, and Bolts claims or items are based on a total cost methodology and that the undisputed facts show that DPG cannot establish the four factors necessary for use of this disfavored approach to determining damages.

DPG does not contest the proposition that a total cost claim requires proof of the factors noted above.  Neither does DPG controvert DPG's assertion that there is no evidence to support the existence of the four necessary factors.  Rather, DPG advances the propositions that (1) "Poong Lim has failed to explain what the total cost methodology is or how DPG's four damage items constitute total cost damages"[9] and (2) "the four damage items are not calculated based on the total cost method but are based on actual costs incurred."[10]

Poong Lim's briefing and the cases it cites are adequate to show that the total cost method attributes all costs incurred above those originally bid or budgeted to the alleged breach of contract.  In its opening memorandum, Poong Lim asserts that the undisputed facts show that DPG's claims are total cost claims and that DPG cannot prove the four factors necessary to justify use of the disfavored total cost approach and cites evidence in the record which it asserts shows this to be true.  Once the moving party has alleged the non-existence of facts the non-moving party must prove to avoid summary judgment, the burden is on the non-moving party to show there is evidence that the facts exist.   DPG has not attempted to do that.  Thus, DPG's opposition to the

---

[9]Doc. 197 at p. 2.

[10]*Id.*

motion depends entirely on the proposition that the four claims at issue are not total cost claims, but rather are actual cost claims.

The court turns first to the Conover claim. DPG itself explains that in determining the damages it seeks for the Conover claim, its expert, Jens, determined that John Conover was on the project 10 months longer than planned and then Jens calculated damages by "multiplying DPG's cost for Mr. Conover over that period."[11] DPG's protestation to the contrary notwithstanding, the Conover claim damages are obviously derived using total cost methodology. DPG having made no effort to show that circumstances warrant use of the total cost methodology for the Conover claim, it follows that Poong Lim is entitled to summary judgment on the Conover claim.

The Winter claim is different. The court is satisfied after reviewing Jens' expert report that there is at least a disputed issue of material fact as to whether DPG actually is presenting a total cost claim rather than an actual cost claim as to which DPG has been able to associate specific costs with Poong Lim's alleged breach of contract. The court is also persuaded that, at a minimum, there is a genuine issue of fact as to whether DPG's claim for additional costs incurred to pay AMEC is based on a total cost methodology. There appears to be evidence to support the proposition that the damages sought are tied to specific errors allegedly made by Poong Lim during fabrication in Korea which necessitated further inspection by AMEC on the project. Finally, the court is persuaded that, at a minimum, there is a disputed issue of material fact as to whether the claim for damages for supplying bolts is a total cost claim. It

_____

[11]*Id.* at p. 6.

appears from the evidence that this may be a claim for damages for replacing bolts which were improperly packaged leading to rusting and rejection of the bolts, as well as damages for provision of bolts that should have been, but were not, supplied by Poong Lim.  Poong Lim is not entitled to summary judgment on the Winter, AMEC, and Bolts claims.

## V.  CONCLUSION

For the reasons above, the motion at docket 151 is **GRANTED** as to the Conover Claim, but in all other respects the motion at docket 151 is **DENIED**.

DATED at Anchorage, Alaska this 2nd day of March 2006.


_____/s/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE