UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE,<br><br>  Plaintiff,<br><br>vs.<br><br>DICK PACIFIC/GHEMM JOINT VENTURE; CONTINENTAL CASUALTY CO.; NATIONAL FIRE INSURANCE CO. OF HARTFORD; SEABOARD SURETY CO.; and ST. PAUL FIRE AND MARINE INSURANCE CO.,<br><br>  Defendants. | Case No. 3:03-cv-00290-JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re:   Motion at docket 150] |

## I.  MOTION PRESENTED

At docket 150 plaintiff Poong Lim/Pert Joint Venture ("Poong Lim") has moved to exclude the testimony of and certain documents prepared by Martin Burchill.  Poong Lim seeks to bar the opinion testimony as inadmissible under FED. R. EVID. 701 and the documents as inadmissible under FED. R. EVID. 1006.  The motions have been fully briefed, and the court has determined that oral argument would not assist in deciding the issues presented by the motion.  Defendants' request for oral argument is denied.[1]

## II.  BACKGROUND

Dick Pacific/Ghemm Joint Venture ("DPG") was selected as the prime contractor on the Bassett Hospital replacement project, a public works construction project at Fort Wainwright, an Army post near Fairbanks, Alaska.  DPG subcontracted certain work on

---

[1] D.AK. LR 7.2(a)(3)[B].

the project to Poong Lim. Under the subcontract, DPG agreed to pay Poong Lim $6,519,655 for shop fabrication drawings, structural steel, and erection aids. Poong Lim's complaint asserts that DPG breached the subcontract and seeks to recover additional compensation. DPG denies that additional compensation is owed, alleging that Poong Lim breached the subcontract and filed a counterclaim.

Burchill prepared a report and summaries of certain documentary evidence for DPG. Poong Lim argues that the opinion of Burchill, as a lay witness, is impermissible under FED. R. EVID. 701; the summaries attached as exhibits to the report do not meet the standard of FED. R. EVID. 1006; and certain documents are inadmissible hearsay and must, therefore, be excluded. DPG opposes the motion arguing that the Burchill testimony and exhibits are admissible when FED. R. EVID. 602, 611, 701, and 1006 are considered together.

### III. APPLICABLE STANDARDS

Generally, a witness, other than as an expert witness, may only testify to matters of which the witness has personal knowledge.[2] Opinion testimony by lay witnesses is governed by FED. R. EVID. 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Under Rule 701, as amended in 2000, the testimony of a witness must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing

---

[2] FED. R. EVID. 602. ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.")

testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[3]

The introduction of summaries is governed by FED. R. EVID. 1006:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

FED. R. EVID. 611(a) grants the trial court substantial discretion in controlling the presentation of evidence to make it "effective for the ascertainment of the truth" and "avoid needless consumption of time." Rule 611(a) does not provide a basis for the admission of evidence where some other evidence rule makes it inadmissible. Conversely, that rule also does not directly provide a basis for excluding otherwise admissible evidence. That is not to say, however, that decisions regulating the mode and order of the presentation of evidence under Rule 611(a) have nothing to do with or do not affect admissibility. For example, its use may result in the exclusion of otherwise admissible evidence, *e.g.*, as cumulative, collateral, or recalling a witness. The use of Rule 611(a) is not unfettered; it may not be used in a manner that circumscribes the requirements of another evidentiary rule that specifically decides the issue.[4]

## IV.  DISCUSSION

A.  *Burchill Testimony — In General*

Poong Lim asks the court to "exclude in its entirety any testimony of Martin Burchill." Poong Lim states: "The basis for this motion is that Mr. Burchill intends to offer opinion testimony and conclusions which fail to meet the standards of Fed. R. Evid. 701 such that his testimony must be excluded in its entirety." Poong Lim cites no authority for a remedy that would effectively bar Burchill from testifying on matters to

---

[3] FED. R. EVID. 701, Advisory Committee Note to 2000 Amendment.

[4] *See generally* 28 CHARLES ALAN WRIGHT AND VICTOR JAMES GOLD, FEDERAL PRACTICE & PROCEDURE – EVIDENCE, §§ 6163, 6164 (2000).

which, as discussed further below, he may competently testify.  This leaves the court with two options: either deny the motion or attempt to parse it for the appropriate relief.

The motion presents examples of what may be improper opinion in the report,[5] but it does not request relief sufficiently focused to allow the court to rule on the question of admissibility as to any particular subject.  Poong Lim's attack addresses the report,[6] which is inadmissible in any event as hearsay.[7]  Poong Lim has not cited and the court's independent research has not revealed any authority that the fact that a report is itself inadmissible or contains statements by the author to which the author could not testify under otherwise applicable evidentiary rules supports the complete exclusion of testimony from the author of the report.

The court is not inclined, particularly under the circumstances presented by the motion at bar, to *sua sponte* fashion appropriate narrowly confined relief, which would require the court to laboriously scrutinize the report and deposition testimony to identify those matters to which testimony should not be allowed.  It is the responsibility of the party seeking relief, not the court, to properly and definitively define and support the relief sought.  Moreover, there is no assurance that at trial DPG would seek to elicit as testimony from Burchill precisely and in its entirety precisely that which appears in the report.  The relief actually sought by Poong Lim certainly exceeds that to which it is entitled, even if it may be able to make some meritorious objections to Burchill's testimony at trial.  It follows that the relief sought now must be denied.

---

[5] If, as is obvious from his deposition testimony and affidavit, Burchill's opinion is based upon his education, knowledge and experience, it must be as an expert witness, not through the backdoor as a lay witness under Rule 701.  *See Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc.*, 399 F.Supp 2d. 1145, 1155 (D. Alaska 2005).

[6] The motion is addressed solely to the testimony, not the report.  In its reply memorandum, Poong Lim does belatedly raise the issue of the admissibility of the report.

[7] *See, e.g., Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1062 (9th Cir. 2003); *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1034–1035 (9th Cir. 2003); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261–1263 (9th Cir. 1986).

B.  *Summaries/Admissibility of Documents.*

Poong Lim requests that the court exclude the summaries attached to the Burchill report as Exhibits 6 (summary of the parties' correspondence) and 8 – 15 (summaries of shop drawings).  Poong Lim also requests the court to exclude Exhibit 7, the correspondence Burchill reviewed, and Exhibit 16, the marked up shop drawings.  The precise basis for the relief sought is unclear.  If Poong Lim's motion is directed to barring the introduction of the exhibits as part of the report, relief is forthcoming, because, as noted above, the report itself is inadmissible.  To the extent the motion is directed towards barring the introduction of the exhibits, if offered independent of the report, the matter is not so simply resolved.

A Rule 1006 summary is, by its very terms, limited to the situation where the contents of voluminous documents cannot conveniently be examined in court.  Poong Lim does not appear to be contesting the general applicability of Rule 1006.  Given the obvious voluminous number of documents involved in this litigation and the opposition to this motion, the court assumes for the purpose of ruling on the motion at bar that DPG intends to introduce the documentary evidence in summary form as attached to the Burchill report.  The Ninth Circuit has stated the basic rule for the admission of summaries under Rule 1006 as follows:[8]  "A proponent of a summary exhibit must establish a foundation that (1) the underlying materials upon which the summary is based are admissible in evidence; and (2) the underlying documents were made available to the opposing party for inspection."  DPG has clearly met the second prong.  Poong Lim's objection to the summaries is based upon the first: inadmissibility of the underlying materials.

Poong Lim's argument *vis-a-vis* the admissibility of the documentation underlying the summaries is essentially that at this point they have not been properly authenticated and their admissibility established.  Based upon the record before the court on this motion, the court assumes, without deciding the issue, that the documents referred to in

---

[8] *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996) citing *Paddack*, 745 F.2d at 1259.

Burchill's summaries could not be admitted into evidence based upon his testimony. But, that is not to say that their admissibility cannot be established under any circumstances, which is necessary to grant the relief Poong Lim requests here. Contrary to the position apparently taken by Poong Lim,[9] it is not necessary that the person preparing the summary be competent to testify to the admissibility of the underlying documents.[10]

Third, admission of summaries is also dependent upon whether they are true summaries of documents that are usually, but not necessarily, not placed into evidence, *i.e.*, are evidence themselves, or are pedagogical or demonstrative aids intended to summarize testimony or evidence admitted at trial.[11] Contrary to the argument advanced by DPG, to the extent that they are pedagogical, they are inadmissible as evidence.[12] Whenever pedagogical charts or summaries are used, the court must make clear to the jury that the charts or summaries are not evidence themselves, but are displayed to assist in understanding the evidence.[13]

The exhibits at issue are reviewed in that context.

1. <u>Exhibit 6</u>. Exhibit 6 is a summary of correspondence between the parties.[14] Pong Lim's objection to this is premised upon an assumption that the underlying documents constitute hearsay. To the extent that it is apparent from the motion, all underlying documents appear to constitute business records that may be introduced

---

[9] "If the documents are inadmissible through his testimony, there is no basis for a summary of such documents to be admitted." Docket 150 at page 16.

[10] Nothing in the language of Rule 1006 even inferentially suggests nor do any of the cases cited by Poong Lim impose such a requirement. The court's independent research did not reveal any authority supporting Poong Lim's position.

[11] *See generally* 31 CHARLES ALAN WRIGHT AND VICTOR JAMES GOLD, FEDERAL PRACTICE & PROCEDURE – EVIDENCE, §§ 8042–8044 (2000).

[12] *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991).

[13] *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004); *United States v. Buck*, 324 F.3d 786, 790–791 (5th Cir. 2003); *United States v. Bray*, 139 F.3d 1104, 1111–1112 (6th Cir. 1998).

[14] Poong Lim attached to its motion only the first 10 pages of what appears to be a 166-page document.

into evidence upon proper authentication, and Poong Lim does not assert that all these documents are inadmissible, only that they cannot be admitted through Burchill's testimony.  For the purpose of ruling on this motion, the court assumes, without deciding, that the documents summarized in Exhibit 6 are admissible.  The proper test with respect to Exhibit 6 is whether it summarizes the underlying materials accurately, correctly, and in a non-misleading manner.[15]  Poong Lim has not challenged admissibility of Exhibit 6 on this basis.  Consequently, for the purpose of ruling on the motion at bar, the court assumes that Exhibit 6 meets this test as well.

Poong Lim's motion is premature.  At the time of marking exhibits under D. AK. LR 39.1(a) and the court's final pre-trial order, Poong Lim may raise item by item either (1) inadmissibility of the underlying document or (2) the materials do not summarize the material accurately, correctly, or in a non-misleading manner.  Poong Lim may also raise any other appropriate objection to the admissibility of the summary, *e.g.*, lack of foundation.

2. <u>Exhibits 7 & 16</u>.  Exhibit 7 consists of what appears to be communications either to or from Poong Lim.[16]  Exhibit 16 consists of a number of shop drawings.  Contrary to the position of Poong Lim, these are all documents that appear to have been prepared in the ordinary course of business and, although they may not be admitted based upon the testimony of Burchill, are admissible as such provided a proper foundation is laid.  Whether summaries are offered as evidence and the underlying documents not, or the documents themselves are to be offered as evidence, for the court to rule on admissibility at this point would be premature.

---

[15] *United States v. Taylor*, 210 F.3d 311, 315–316 (5th Cir. 2000).

[16] Only Exhibit 7.1 is attached to Poong Lim's motion.  Poong Lim does not argue that these are all inadmissible; just that Burchill cannot lay the proper foundation for admission.  For the purposes of ruling on the motion at bar, the court assumes that they are, in fact, admissible.  If they are, in fact, inadmissible, Poong Lim may raise that issue in connection with the parties compliance with D. AK. LR 39.1 and the final pre-trial order.  It may be noted that as to some of the documents it cannot be said at this point that they are being offered for the truth of the matter asserted rather than being offered for the purpose of establishing what was said.

3. <u>Exhibits 8 – 15</u>.

The use of Exhibits 8 – 15, whether as evidence under Rule 1006 or for pedagogical purposes under Rule 611(a), turns on an additional issue: whether they may be admitted or used based upon the testimony of Burchill. These exhibits are based upon a common thread: an analysis of shop drawings. In order for Burchill to prepare the summaries it was necessary that he review and interpret the shop drawings, including the proper classification of certain markings on those drawings. This is not something that the ordinary layperson is capable of performing—it requires a certain degree of training and experience in reading blueprints and plans. For example, whether a notation represents a change or is part of the initial drawing. This requires an understanding of the notes, their meaning and import, which requires some degree of technical or specialized knowledge beyond that possessed by a layperson.

Burchill's testimony regarding the preparation of these summaries, to the extent it constitutes an opinion, appears to fall outside the confines of Rule 701(c) ("not based on . . . technical, or other specialized knowledge"). However, the court need not get into the murky area of whether Burchill is rendering an "expert opinion" as to the meanings (governed by Rule 702), simply reciting and interpreting what he perceives (falling within Rule 701), or something in between, the so-called "expert summary witness."[17] Burchill is at least minimally qualified by experience to read and interpret the shop drawings—a point Poong Lim does not appear to seriously contest. It is also clear that this "interpretation" is reasonably necessary to an understanding of the shop drawings. So, whether it is admissible under Rule 701 or 702, his testimony as to the preparation of the summaries is, in general, admissible. The court is not unmindful of the fact that DPG has not complied with the requirements of FED. R. CIV. P. 26(a)(2). However, inasmuch as Poong Lim has been provided with essentially all the information required

---

[17] *See United States v. Pree*, 408 F.3d 855, 869–870 (7th Cir. 2005).

by Rule 26(a)(2), the fact that Burchill has not been formally designated as an expert witness is non-prejudicial and harmless.[18]

It does not appear on their faces that Exhibits 8 – 15 all are, in fact, true summaries; rather, they appear to be pedagogical demonstrative aids, or hybrids. Analysis of the Burchill-created exhibits attached to Poong Lim's motion is further complicated by the fact they are not in numerical sequence and, to some extent, appear to perhaps have parts of one exhibit intermixed with another, *e.g.*, there appear to be two copies of Exhibit 8 and Exhibits 8 and 9 both contain copies of some of the same documents, *i.e.*, the same DPG number.[19] The court has, however, examined Exhibits 10 – 15 in light of the objections raised by Poong Lin as to admissibility under Rule 1006 on the face of the document attached to the motion.[20]

a. *Exhibit 10.* As a flow chart that goes far beyond merely summarizing the contents of documents, Exhibit 10 [DPG 101979] is inadmissible under Rule 1006.

b. *Exhibit 11.* In addition to summarizing the drawings, this exhibit also contains testimonial material, *e.g.*, "G.C.'s Additional Comments." From the perspective of DPG, Exhibit 11 appears to be at best a hybrid combining both a summary of the underlying documents and testimonial evidence. In its present form it is inadmissible under Rule 1006.

c. *Exhibit 12.* This exhibit also contains what appears to be testimonial material, *e.g.*, "HKS Non-Conformance Notes," as well as a summary of the underlying drawings. Exhibit 12 in its present form is inadmissible under Rule 1006.

---

[18] *See* FED. R. CIV. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.")

[19] DPG 101970, 101971, 101975, 101976, and 101977 are included in both exhibits. For this reason, the court is unable to rule on the admissibility of Exhibits 8 and 9 under Rule 1006.

[20] A ruling that an exhibit is inadmissible under Rule 1006 does not indicate that it is inadmissible on some other basis, or cannot be used at trial as a pedagogical demonstrative aid. The factual setting of the motion at bar is insufficient for the court make a reasoned decision on the use of these or similar exhibits under Rule 611(a).

    d. *Exhibit 13.* Exhibit 13 does not appear to contain any testimonial information or material. It is, therefore, on its face admissible under Rule 1006.[21]

    e. *Exhibit 14.* The court's review of Exhibit 14 and the references to it in Burchill's report lead to the conclusion that it is not a summary within the scope of Rule 1006 and is, therefore, inadmissible under that rule.

    f. *Exhibit 15.* As with Exhibit 14, review of the exhibit itself and the references to it in Burchill's report leads the court to conclude that Exhibit 15 is not a summary within the scope of Rule 1006 and is, therefore, inadmissible under that rule.

## V.  CONCLUSION

    For the foregoing reasons the motion at docket 150 is **GRANTED** in part and **DENIED** in part without prejudice. The issue of the admissibility of the summaries as well as the documents underlying those summaries may be raised on such grounds as may be appropriate as provided in D. AK. LR 39.3(a) and the final pre-trial order which will be issued in due course.

    DATED at Anchorage, Alaska this 7th d day of March 2006.

                                                /s/
                                      JOHN W. SEDWICK
                        UNITED STATES DISTRICT JUDGE

---

[21] The court expresses no opinion as to its admissibility under some other evidence rule that may be applicable.