Traeger Machetanz, Esq.
J. Craig Rusk, Esq.
Julia M. I. Holden, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501
907-258-0106

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DICK PACIFIC/GHEMM JOINT VENTURE, CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, SEABOARD SURETY COMPANY, and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No. 3:03-cv-290-JWS<br><br>PLAINTIFF'S MOTION AND MEMORANDUM FOR RECONSIDERATION RE: SEJIN LABOR HOURS<br><br>DOCKET NO. 157 |

　　Poong Lim respectfully moves the Court to reconsider its Order of March 2, 2006, granting DPG summary Judgment. This motion is brought pursuant to D. Ak. LR 59.1. The basis for this motion is that it appears the Court did not consider material facts and propositions of law which when viewed together preclude summary judgment.

In the March 2, 2006, Order, the Court granted summary judgment to DPG with respect to Poong Lim's claim for additional compensation owed to its subcontractor, Sejin. The Court's ruling relied upon the holding in *University of Alaska v. Modern Construction, Inc.*[1] In its Order, however, the Court did not address the issue of whether or not Poong Lim could claim the debt owed to Sejin under the theory of *quantum meruit* as an element of its own damages. The *Modern* Court did not address the issue and that court did not foreclose the possibility.

It is well settled in Alaska that contract damages for breach of contract include losses which are "foreseeable as a probable result of a breach. . . ." *Native Alaskan Reclamation and Pest Control, Inc. v. United Bank Alaska*, 685 P.2d 1211, 1219-20 (Alaska 1984), *citing* Restatement (Second) of Contracts § 351 comment a, at 135-6 (1981) of C. While Alaska law does not permit recovery of damages which are speculative,[2] where the complaining party can show actual likelihood of liability they may be permitted recovery for that liability. *Id.* Under the theory of *quantum meruit*, Poong Lim is entitled to present evidence showing the cost of performing its changed obligations.

---

[1] 522 P.2d 1132 (Alaska 1974); *Order* at 3.
[2] *Chenega Corp. v. Exxon Corp.*, 991 P.2d 769, 799 (Alaska 1978).,

*Poong Lim v. Dick Pacific et al.*
Case No. 3:03-cv-290-JWS
Plaintiff's Motion and Memorandum for Reconsideration
Re: Sejin Labor Hours (Docket No. 157) – Page 2

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

The contractual and equitable obligation to Sejin is an element of that cost.

In *quantum meruit* the party's recovery is the reasonable value of the goods or services rendered or work performed. *See, e.g., Fairbanks North Star Borough v. Tundra Tours, Inc.*, 719 P.2d 1020, 1029 (Alaska 1986). The reasonable value of the work performed is generally admissible and can include evidence of the actual costs of performance:

> The majority rule in quantum meruit recovery is that absent an agreement fixing compensation, *any evidence tending to show the reasonable value of services is generally admissible*.

*Id*. at 1029-30 (additional citations omitted) (emphasis added). Under *Tundra Tours* and *Native Alaskan Reclamation* Poong Lim is entitled to present evidence supporting the obligation it incurred to Sejin in meeting its changed obligations as an element of its own damages under its quantum meruit theory.

In the present case, evidence submitted to the Court demonstrates that Poong Lim is liable to Sejin for extra work by contract and under the theory of *quantum meruit*. The unrebutted testimony from Mr. Young Shin Kim, Sejin's president,

*Poong Lim v. Dick Pacific et al.*
Case No. 3:03-cv-290-JWS
Plaintiff's Motion and Memorandum for Reconsideration
Re: Sejin Labor Hours (Docket No. 157) – Page 3

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

established the fact that not only did Sejin expend the extra hours of labor, but also that Sejin fully expected to be reimbursed for the value of its work and that there was an agreement to pay Sejin.  *See* Docket No. 182, Opposition to Motion for Summary Judgment Seeking Dismissal of Poong Lim's Claims for Shop Drawing/Detailing Hours at 6-7.  The unrebutted testimony from Mr. J. H. Lee of Poong Lim acknowledges that Poong Lim received the benefit of Sejin's services and issued change orders for the additional work.  *See* Docket 182 at 4-5.  These change orders represent *Poong Lim's* contractual liabilities to Sejin which raise material issues of fact which preclude summary judgment.  Moreover, the amount Poong Lim owed Sejin for those changes and the percentage of that work attributable to DPG's breach which Poong Lim Seeks in this suit, was in fact calculated by Poong Lim's expert, Jordan Rosenfeld.  There is no question that Poong Lim has both an equitable and contractual obligation to repay Sejin for the additional time, effort, and expense it incurred on Poong Lim's behalf.

DPG's breaches of contract forced Poong Lim, and by extension its subcontractor Sejin, to expend additional time, manpower, and money to meet DPG's demands.  The fact that Poong

*Poong Lim v. Dick Pacific et al.*
Case No. 3:03-cv-290-JWS
Plaintiff's Motion and Memorandum for Reconsideration
Re: Sejin Labor Hours (Docket No. 157) – Page 4

Lim would necessarily incur liability for additional expense, either contractual (in the case of a pass-through agreement and change orders) or equitable (by having received the benefit of its subcontractor's work), in the form of shop drawing labor from its subcontractor Sejin was a foreseeable consequence of DPG's breach.  The fact that Poong Lim has not yet paid Sejin and that the agreement with Sejin regarding payment is not in writing does not extinguish either Poong Lim's equitable or contractual liability.  Under *Native Alaskan Pest Control* the foreseeability of this liability makes it a recoverable element of Poong Lim's damages under *quantum meruit*.  Otherwise Poong Lim is put in the position where it will have to pay foreseeable damages arising out if DPG's breaches of contract (in the case of Sejin costs) and not be able to recover them from the party causing the damage.

*Poong Lim v. Dick Pacific et al.*
Case No. 3:03-cv-290-JWS
Plaintiff's Motion and Memorandum for Reconsideration
Re: Sejin Labor Hours (Docket No. 157) – Page 5

Dated:  March 9, 2006            OLES MORRISON RINKER & BAKER LLP
                                 Attorneys for Plaintiff

                                 By: s/ Traeger Machetanz
                                     Traeger Machetanz
                                     machetanz@oles.com
                                     Alaska Bar No. 8411127
                                     J. Craig Rusk
                                     rusk@oles.com
                                     Washington Bar No. 15872
                                     Julia M. I. Holden
                                     holden@oles.com
                                     Alaska Bar No. 0310046
                                     745 West 4th Avenue, Suite 502
                                     Anchorage, AK 99501
                                     Phone: (907) 258-0106
                                     Fax:   (907) 258-5519

P-CBB 132 MOT reconsideration re Sejin 030906

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2006, a true and correct copy of the foregoing was served electronically on:

Bruce E. Davison, Esq.
Joseph A. Pollock, Esq.
Davison & Davison, Inc.
bdavison@gci.net
3351 Arctic Boulevard
Anchorage, AK  99503

OLES MORRISON RINKER & BAKER LLP

By: s/Traeger Machetanz

*Poong Lim v. Dick Pacific et al.*
Case No. 3:03-cv-290-JWS
Plaintiff's Motion and Memorandum for Reconsideration
Re: Sejin Labor Hours (Docket No. 157) – Page 6

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519