MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*Poong Lim/Pert Joint Venture v. Dick Pacific/Ghemm Joint Venture*

THE HONORABLE JOHN W. SEDWICK                                              3:03-cv-00290 JWS

PROCEEDINGS:          **ORDER FROM CHAMBERS**                          March 23, 2006

     In its order at docket 261, the court addressed the question whether Poong Lim may recover on its own behalf money it allegedly owes but has not paid to one of its subcontractors, Sejin, due to alleged actions by Dick Pacific/Ghemm Joint Venture ("DPG"). Relying on the Alaska Supreme Court's decision in *University of Alaska v. Modern Construction, Inc.*,[1] the court held existing Alaska law does not recognize such a claim. At docket 264, Poong Lim moves the court to reconsider that holding. It contends at most *Modern* bars recovery under contract theory, but not under quantum meruit theory and cites case law in support of its quantum meruit argument.

     The quantum meruit case law cited by Poong Lim is unpersuasive, but the court has discovered another potential basis on which to reconsider its holding. In *Great Western Savings Bank v. George W. Easley Co.*,[2] the Alaska Supreme Court appears to have approved a general contractor's recovering on its own behalf amounts it owed but had not paid to subcontractors.[3] In earlier briefing, the parties did not discuss *Great Western*, but if the court's reading of that case is accurate, then it would seem the court's holding was in error.

     If that is the case, then it would be necessary to address whether Poong Lim actually owes anything to Sejin. Poong Lim has submitted deposition testimony by its and Sejin's representatives that, when read in a very favorable light, might suggest it and Sejin entered some kind of agreement for it to pay Sejin more money.[4] However, Poong Lim has indicated the alleged agreement is not written,[5] and in earlier briefing the parties did not discuss whether any oral agreement would be enforceable. Enforceability is key because it may determine whether Poong Lim has incurred liability equivalent to that which the contractor in *Great Western* was exposed.

---

[1] 522 P.2d 1132 (Alaska 1974).

[2] 778 P.2d 569 (Alaska 1989).

[3] *Id.* at 580.

[4] Doc. 182, ex. A, B.

[5] Doc. 264, p. 5.

      If Poong Lim may bring a claim on its own behalf for the balance on an enforceable contract with Sejin, a third issue is whether Sejin must be joined as a party under Federal Rule of Civil Procedure 19.

      Given these issues, DPG should have an opportunity to respond to Poong Lim's motion for reconsideration.  Any response shall be filed by **Monday, April 3, 2006**.  Poong Lim may file a reply by **Monday, April 10, 2006**.

-----------------