Bruce E. Davison, ABA 8211111
Joseph A. Pollock, ABA 9611070
DAVISON & DAVISON, INC.
3351 Arctic Boulevard
Anchorage, AK 99501
Phone: 907-563-6555
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use POONG LIM/PERT JOINT VENTURE,<br><br>        Plaintiff,<br><br>v.<br><br>DICK PACIFIC/GHEMM JOINT VENTURE, CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE CO. OF HARTFORD, SEABOARD SURETY CO., and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>        Defendants. | **DEFENDANT'S OPPOSITION TO MOTION FOR RECONSIDERATION**<br><br>Case No. A03-0290 Civ. (JWS) |

COMES NOW defendant Dick Pacific/Ghemm, JV (herein DPG), by and through counsel of record, and herein opposes Plaintiff's Motion for Reconsideration seeking to reinstate Poong Lim/Pert Joint Venture's (Poong Lim) claims for recovery of labor costs experienced by its subcontractor Sejin, even though Poong Lim has no legal obligation to pass on any recovery to Sejin. Poong Lim's motion is found at Docket 264.

The undisputed pivotal facts requiring the Court to deny Poong Lim's Motion for Reconsideration are:

(1) Poong Lim contracted with Sejin for a fixed-price to prepare the shop drawings.

(2) Poong Lim has completely paid Sejin the contracted for amount with no additional amounts due and owing to Sejin.

(3) Sejin and Poong Lim have failed to enter into any "pass-through" agreement relating to any shop drawing claims.

(4) According to the February 25, 2005, report of its expert, The Sutor Group, Poong Lim is seeking damages from DPG in the amount $335,948.00 for shop drawing detailing cost overruns allegedly incurred by Sejin.

It is also undisputed that Sejin is not a party to this civil action and has no contract with DPG. The Court's Order at Docket 261 correctly concluded that Poong Lim "is seeking to recover the damages of its subcontractor, Sejin, not on Sejin's behalf but on its own behalf." [Docket 261 at 5.]

I. ARGUMENT

A. Poong Lim's Newly Discovered "Basis" Of Entitlement Argument Has No Bearing On The Court's Ruling Denying Poong Lim The Right To Seek Damages Of A Subcontractor To Whom Poong Lim Has No Liability.

Poong Lim's Motion for Reconsideration argues that because it seeks entitlement under a theory of quantum meruit that it should be allowed to pursue its claims related to shop drawing detailing cost overruns by its subcontractor Sejin. DPG's original motion for summary judgment at Docket 157 focused on the fact that Poong Lim in its own right had no damages as a matter of law relating to shop drawing detailing cost overruns because Poong Lim had fully paid Sejin the contracted for amount. It is undisputed that no payments in excess of the contract amount were made. It is undisputed that Sejin

has not presented a written claim that Poong Lim has "passed through" to DPG. Because Poong Lim has fully satisfied its legal obligations to Sejin, Poong Lim cannot assert a claim against DPG arising out of its subcontract relationship with Sejin.

The legal issue squarely before the Court is whether as a matter of law Poong Lim is entitled to recover any damages relative to Sejin. The Court correctly determined that the answer is "No." Poong Lim's argument concerning quantum meruit misses the point because the issue is not what is the basis for recovery, but rather whether Poong Lim has suffered or will suffer any damages at the hands of Sejin which would entitle Poong Lim to recover a like amount from DPG.

B.  Poong Lim Is Not The Real Party In Interest Concerning Any Purported Sejin Damages And Thus Cannot Assert Sejin's Claims.

Federal Rule of Civil Procedure 17, requires that "[e]very action shall be prosecuted in the name of the real party in interest." Poong Lim is attempting to have the Court adjudicate the rights, responsibilities and entitlement of Sejin who is not a party to this action and over whom the Court has no subject matter or personal jurisdiction. Poong Lim chose not to join Sejin as a party to this action and it is too late to do so at this point. Because Poong Lim is not the real party in interest with regard to Sejin's purported damages, the Motion for Reconsideration must be denied.

C.  This Court's Concerns That *Great Western Savings Bank v. George W. Easley Co.* May Require A Different Outcome Are Unwarranted.

In Great Western Sav. v. George W. Easley Co., 778 P.2d 569 (Alaska 1989), the prime contractor, George W. Easley Co. (Easley), asserted claims against Great Western Savings Bank (the Bank) for breach of contract and

W OFFICE OF
TIC BOULEVARD
ORAGE, ALASKA 99503
) 563-6555
FAX (907) 562-7873

tort arising out of the Bank's "out of balance" application of construction loan proceeds.[1]  Id. at 571-575.

The jury found that the Bank "was negligent toward Easley," (Id. at 574), the Bank breached an enforceable promise to Easley and awarded Easley, the contractor, $367,711 in compensatory damages and $83,330 in punitive damages. Id. at 575. On appeal, the Bank asserted, in part, that "the trial court erred in allowing Easley to claim, as part of its $367,000 claim for compensatory damages, sums owed to site work and piling contractors and an interior contractor with whom Easley had no direct contractual relationship." Id. at 575.

The jury awarded $287,214.49 (as part of the $367,711 award) to compensate Easley for performing the work called for in Change Orders number 1 and 2 (a part of Easley's contract with owner Satori), which the Bank had agreed to finance. Great Western Sav., 778 P.2d at 580. The Bank argued it was not liable because this amount included $256,884.23 in site and foundation costs which Easley was not legally obligated to incur and that the award should be reduced by this amount. Id. The Alaska Supreme Court rejected the Bank's argument as being without merit. Id. at 580.

In reaching its decision, the Court determined that Easley had, in fact, "accepted responsibility to pay for the site and foundation work at the owner's request" pursuant to Change Orders number 1 and 2. Id. at 580. The Court ruled, "Clearly, Change Orders Nos. 1 and 2 encompass the work done by the site and foundation subcontractors and Millers Northern Interiors. Thus, Easley Co. had a legal obligation to pay each of these challenged items," (Id. at 58), entitling Easley to recover those sums from the Bank.

The Alaska Supreme Court allowed Easley to recover because the Change Orders themselves expressly increased the scope of work for which

---

[1] An "out of balance" condition arises when there are insufficient funds available to complete construction of the project.

Easley was contractually liable to perform. Thus, the issue was whether as a matter of law the scope of work for which Easley sought recovery was required by Easley's contract with the owner,[2] which the Court answered affirmatively.

The Alaska Supreme Court did not address the specific issue raised in the instant case which is whether the Contractor (in this case Poong Lim) who has suffered no damages or potential damages as a result of the contractual work of its subcontractor Sejin can recover from DPG. With regard to Easley's two subcontractors, who had not been paid roughly $23,000 ($12,201.16 to site and foundation contractors and $11,839.07 to Miller's Northern Interiors) (id. at 580), the Court concluded that the Bank was obligated to pay Easley these funds, owed for the subcontractors' work, because Easley had "a legal obligation to pay each of these challenged items." Id. at 580. Thus, Great Western is distinguishable from the present case because the issue there was whether the contractor was entitled to damages for items of work which were included in the contract with the owner. Great Western does not go so far as to entitle contractors to recover for any amounts a subcontractor may claim is owed. Put another way, the issue is whether Poong Lim has or will itself suffer damages if it is unsuccessful in recovering damages from DPG. Clearly, the answer is "No." Poong Lim's position will not change if it is denied recovery of damages of Sejin because Poong Lim suffered no harm in that regard in the first place.

In the present situation, Poong Lim does not owe Sejin any money. Poong Lim has paid all the money that Sejin sought under the contract. In this

---

[2]None of the parties in Easley asserted that the subcontractors should not be paid or disputed that Easley had a contractual obligation to pay them. In fact, the Court concluded that Easley was obligated to pay its subcontractors based on Change Orders 1 and 2. Further, it can be reasonably presumed that because the work had been inspected and the pay requests had been approved by Quadra Engineering, Inc., the Bank's own consulting engineer (Id. at 572), the work had been performed according to the plans and specifications, and payment was due under the contract.

situation, Poong Lim has no damages because it has not paid nor is it "legally obligated" to Sejin for any additional amounts beyond the contract amount. Sejin's <u>president</u>, Young Shin Kim, testified:

> Q. Does he recall the value of the change orders for those two respective changes?
> A. He does not remember the specific amount for each change. But what he remembers is the final contract value which was 326 million Korean won.
> Q. And has Poong Lim paid Se Jin the entire amount of its contract, including change orders?
> A. Yes. [Docket 157, Ex. 3 at 3-4.]

D. <u>The Absence Of A "Pass-Through" Agreement Is Also Fatal To Poong Lim's Claims</u>.

There is no "pass-through" agreement between Sejin and Poong Lim allowing Poong Lim to assert claims on behalf of Sejin much less creating any legal obligation for Poong Lim to pay Sejin if Poong Lim's claims against DPG are successful. Poong Lim and Sejin could have easily entered into a pass-through agreement to avoid this problem. They chose not to.

The nature of the testimony by Jeong Ho Lee of Poong Lim is that Sejin and Poong Lim did not document any specific agreement on whether or how a recovery from DPG would be "passed through" to Sejin. [Docket 157, Ex. 6 at 3.] As between the two companies, Mr. Lee of Poong Lim testified that the only agreement between them was that the proceeds would be divided "on a good will basis." <u>Id.</u> Such flimsy and ambiguous testimony does not constitute a basis entitling Poong Lim to recover in excess of $300,000 from DPG. In contract cases, contingent future damages are no damages at all. <u>City of Whittier v. Whittier Fuel & Marine Corp.</u>, 577 P.2d 216, 222 (Alaska 1978) (party alleging breach of contract must present sufficient evidence to calculate the amount of the loss caused by the breach). Poong Lim's and Sejin's contingent

and unenforceable understanding about how to split future proceeds does not constitute a legally cognizable basis for damages in this lawsuit.

E. <u>No Legally Enforceable Contract Exists Between Poong Lim And Sejin Which Would Render Poong Lim Liable To Sejin For Any Amount It Recovers From DPG</u>.

No legally enforceable contract exists between Poong Lim and Sejin which makes Poong Lim liable to Sejin for any amount. Poong Lim admits that there is no written agreement between Poong Lim and Sejin relative to the outcome of Poong Lim's litigation with DPG. The oral testimony of Poong Lim and Sejin's representatives, which constitutes the only evidence of an agreement, is no more than an understanding or "agreement to agree" that the two parties will address the issue "on a good will basis" at the completion of the litigation.

DPG has established that Poong Lim has no entitlement to damages from DPG relative to Sejin because Poong Lim has paid Sejin its full contract amount. DPG having met its burden for summary judgment now shifts the burden to Poong Lim to show that a genuine issue of material fact remains for the fact finder to resolve. It is incumbent upon Poong Lim to present admissible evidence that it has legal liability to Sejin sufficient to maintain its damage claims against DPG.

As a matter of law, no such liability exists. The oral agreement to address any potential recovery from the lawsuit on a "good will basis" is not a legally enforceable contract. In Alaska, formation of a contract requires an offer encompassing all essential terms, an unequivocal acceptance by the offeree of all terms of the offer, consideration, and an intent to be bound by the offer. <u>Hall v. Add-Ventures, Ltd.</u>, 695 P.2d 1081, 1087 (Alaska 1985).

The Court, quoting Corbin writes:

A court cannot enforce a contract unless it can determine what it is. It is not enough that the parties think that they have made a contract; they must have expressed their intentions in a manner that

LAW OFFICE OF
... TIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

> it is capable of understanding.  It is not even enough that they have actually agreed, if their expressions, when interpreted in the light of accompanying factors and circumstances, are not such that the court can determine what the terms of that agreement are. Vagueness of expression, indefiniteness, and uncertainty as to any of the essential terms of an agreement, have often been held to prevent the creation of an enforceable contract.  1A. Corbin, Contracts § 95 at 394 (1963) cited in Hall, 695 P.2d at 1087.

See also Magill v. Nelbro Packing Co., 43 P.3d 140, 142 (Alaska 2001) (essential elements of contract formation).

Absent satisfaction of these mandatory requirements, there is no legally enforceable contract.  Davis v. Dykman, 938 P.2d 1002, 1006-1009 (Alaska 1997).  Agreements to negotiate are unenforceable because they do not provide a basis for determining the existence of a breach or for giving of an appropriate remedy.  Id. at 1008.  The law does not recognize or provide a remedy for the proverbial "agreement to agree."  Alaska Creamery Products, Inc. v. Wells, 373 P.2d 505, 510 (Alaska 1962).

Poong Lim has failed to meet its burden to establish any legally enforceable contract between Poong Lim and Sejin concerning liability of Poong Lim to Sejin for any potential damages Poong Lim may recover on behalf of Sejin in this civil action.  Poong Lim and Sejin's "understanding" lacks essential terms, is unenforceably vague, and is at best no more than an "agreement to agree" to split recovered proceeds, if any, on a "good will basis."  Poong Lim has failed to establish any of the essential elements of a contract including how Sejin has provided any consideration after it admits it was fully paid its contract price for the provision of shop drawings.

Even if there were an otherwise valid oral agreement between Poong Lim and Sejin, it would be precluded by Alaska's Statute of Frauds.  A.S. 09.25.010.  The agreement is void because it cannot be performed within a year

of its making.[3,4]  A.S. 09.25.010(1).  See, <u>Alaska Continental, Inc. v. Trickey</u>, 933 P.2d 528, 532-533 (Alaska 1997).

Because there is no enforceable contract between Poong Lim and Sejin establishing Poong Lim's liability to Sejin for any damages obtained from DPG in this civil action, Poong Lim's damage claims must be denied.

## II. CONCLUSION

The Court's ruling granting DPG summary judgment should be upheld because Poong Lim has no actual damages in its own right relative to any purported damages of Sejin.  Poong Lim owes Sejin nothing.  Poong Lim is seeking damages from DPG for detailing cost overruns that Poong Lim never actually suffered.  Any recovery by Poong Lim from DPG relative to Sejin will simply result in an underserved windfall to Poong Lim as Sejin has no way of compelling Poong Lim to share in the recovery.

Poong Lim has no liability to Sejin in the form of a "pass-through" or other enforceable contract.  The oral understanding between Poong Lim and Sejin is unenforceable as a matter of law.

Finally, <u>Great Western</u>, <u>supra</u>, stands for no more than the proposition that a contractor who has a "legal obligation" to pay a subcontractor, may assert a claim for recovery of the legally due subcontract amount.  <u>Great Western</u> does <u>not</u> require DPG's payment to Poong Lim for non-existent obligations to Sejin.  The Court's interpretation of <u>Modern Construction, Inc.</u> remains applicable even in light of <u>Great Western Savings Bank</u>.  Because Poong Lim has raised no reason for the court to set aside its prior order, Poong Lim's Motion for Reconsideration should be denied.

---

[3] Mr. Lee testified to the "good will" in March 2005.  Even if the agreement had been entered the very day of his deposition, it would now be void because it had not been performed within one year.

[4] The oral agreement is also void because it is a special promise to answer for the alleged debt of another.  A.S. 09.25.010(a)(3).

DATED at Anchorage, Alaska this 3rd day of April 2006.

By: /s/ Joseph A. Pollock
Joseph A. Pollock, ABA 9611070
DAVISON & DAVISON, INC.
3351 Arctic Boulevard
Anchorage, AK 99503
Phone: 907-563-6555
Fax: 907-562-7873
E-mail: japollock@gci.net

THIS IS TO CERTIFY that on
the 3rd day of April 2006, the original
above-referenced document was
electronically filed on:

Office of the Clerk
U.S. District Court
222 W. 7th Ave., Room 229
Anchorage, AK 99513

and I hereby certify that on the 3rd day of April 2006,
a copy of the foregoing document was served electronically on

Mr. Traeger Machetanz
OLES MORRISON RINKER & BAKER, LLP
745 W. Fourth Ave., Suite 502
Anchorage, AK 99501

/s/ Julie Eibeck, Legal Secretary
Certification Signature