Traeger Machetanz, Esq.
J. Craig Rusk, Esq.
Christopher B. Butler, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501
907-258-0106

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DICK PACIFIC/GHEMM JOINT VENTURE, CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, SEABOARD SURETY COMPANY, and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No. A03-0290 Civil (JWS)<br><br>PLAINTIFF'S REPLY TO DPG'S OPPOSITION TO MOTION FOR RECONSIDERATION |

I.   ARGUMENT

A.   Poong Lim's Obligation to Sejin Arises Out of the Scope of Work in the Existing Contract.

In its order, the court asked the parties to consider the applicability of *Great Western Savings Bank v. George W. Easley Co.,* 778 P.2d 569 (Alaska 1989), to the liability Poong

Lim has to its detailing subcontractor Sejin, noting that in *Great Western*, "the Alaska Supreme Court appears to have approved a general contractor's recovering on its own behalf amounts it owed but has not paid to subcontractors." In its response to the court's observation, DPG makes much of the fact that Sejin was allegedly compensated in full for its fixed price contract and for the two change orders Sejin executed with Poong Lim. However, DPG ignores that DPG's breach of implied obligations not to hinder Poong Lim in turn flowed down through Poong Lim to hinder Sejin's performance. This hindrance caused breach of contract damages for which Sejin is entitled to recover from Poong Lim, and Poong Lim is in turn entitled to recover from DPG. DPG's argument that Sejin's fixed price contract bars further recovery from Poong Lim is the same theory that was rejected in the court's prior orders at Docket Nos. 130, 136, and 266, respecting DPG's argument that Poong Lim's fixed price contract with DPG bars Poong Lim from recovering breach of contract damages from DPG.

In its analysis of *Great Western*, DPG alleges that the factor distinguishing that case from the present one was that in that case, the issue was whether the contractor was entitled to

*Poong Lim v. Dick Pacific, et al.*
Case No. A03-0290 Civil (JWS)
Plaintiff's Reply to DPG's Opposition to
Motion to Reconsider -- Page 2

damages for items of work which were included in the contract with the owner or not. In this case, there is no substantive difference to *Great Western*. Similarly to the claim asserted by the contractor in *Great Western,* the impact claim for amounts owing to Sejin included in Poong Lim's claim arises out of the existing contract obligations owed to Sejin and breaches of those obligations. The only "difference" between the present case and that in *Great Western* is that the discrete costs claimed under the change orders to the contract in *Great Western* are more readily quantified than the impact claim to Sejin's contract. The "difference" is legally irrelevant.

In the present case, the unrebutted fact is that Sejin performed additional work in the form of uncompensated man hours to fulfill its existing contract obligations to Poong Lim. The additional work was required because of DPG's several breaches of contract of its contract with Poong Lim that in turn hindered Sejin's performance of its detailing subcontract with Poong Lim. Poong Lim's agent has acknowledged in their testimony that Sejin expended the additional man hours beyond what was expected and has recently acknowledged in writing an obligation to compensate Sejin. *See* Deposition of J. H. Lee taken March 23, 2005, at

*Poong Lim v. Dick Pacific, et al.*
Case No. A03-0290 Civil (JWS)
Plaintiff's Reply to DPG's Opposition to
Motion to Reconsider -- Page 3

63:23-65:13, attached to Affidavit of Chris Butler as Exhibit 1; Pass Through Agreement between Poong Lim Industrial Co., Ltd. and Sejin, attached to Butler Affidavit as Exhibit 2. Sejin's president believes that there was and is an agreement to compensate Sejin for the additional man hours. *See* Deposition of Y. S. Kim at 10:7-11:15, attached to Butler Affidavit as Exhibit 3.

Poong Lim's experts have identified the impacts and provided valuation for those additional man hours, and testified on behalf of Poong Lim regarding these impacts. *See* Deposition of Steven Schwartz, Vol. I at 11:4-17; 16:8-23; 19:8-13; 23:12-24:6; 28:24-29:3; Vol. II at 245:15-249:19, attached to Butler Affidavit as Exhibit 4; Deposition of Jordan Rosenfeld at 75:16-77:3; 78:1-25, attached to Butler Affidavit as Exhibit 5. The foregoing facts constitute more than adequate evidence from which Poong Lim and Sejin's damages may be calculated. Despite the fact that Poong Lim and Sejin had not, at the time of the depositions last April, entered into a formal change order and pass through agreement, Poong Lim's numerous judicial admissions have established both entitlement and quantum for the constructive changes to the contract, and the agreement set

*Poong Lim v. Dick Pacific, et al.*
Case No. A03-0290 Civil (JWS)
Plaintiff's Reply to DPG's Opposition to
Motion to Reconsider -- Page 4

forth in the Pass Through Agreement in Exhibit 2 is sufficient to establish a contract upon which Sejin may collect from Poong Lim.

The measure of damages in Alaska for breach of contract includes reimbursement of direct, consequential, and incidental damages incurred in performing additional labor, which was not originally required under the contract, but which subsequently became part of the agreement. *See Apex Control Systems, Inc. v. Alaska Mechanical, Inc.*, 776 P.2d 310 (Alaska 1989) (subcontractor permitted to recover for extra work pursuant to a claim brought under a fixed price contract); *Municipality of Anchorage v. Frank Coluccio Const. Co.*, 826 P.2d 316 (Alaska 1992) (Same); *Geolar, Inc. v. Gilbert/Commonwealth Inc. of Michigan*, 874 P.2d 937 (Alaska 1994) (breach of contract action where contractor sought recovery of increased cost of performance under the contract). Given the numerous admissions by Poong Lim regarding the existence, amount, and value of extra work it required of Sejin, DPG's insistence that Sejin has already been paid under its fixed price contract is contrary to Alaska law. The above facts illustrate that Poong Lim has

*Poong Lim v. Dick Pacific, et al.*
Case No. A03-0290 Civil (JWS)
Plaintiff's Reply to DPG's Opposition to
Motion to Reconsider -- Page 5

presented the requisite evidence of an outstanding contractual liability to Sejin such that summary judgment is inappropriate.

B.  **Poong Lim's Pass Through Agreement with Sejin Precludes Summary Judgment**

In its opposition to Poong Lim's Motion for Reconsideration, DPG relies upon the fact that no pass through agreement exists between the Poong Lim and Sejin, its detailing subcontractor.  As noted above, Poong Lim and Sejin have rectified this situation.  The Agreement is a "legal obligation for Poong Lim to Pay Sejin" upon recovery from DPG.  Moreover Poong Lim, by virtue of this agreement is the "real party in interest" under DPG's definition.  The Agreement provides a contractual vehicle for Poong Lim to recover, on Sejin's behalf, the additional costs Sejin incurred due to DPG's numerous breaches of contract.  Thus, the pass-through agreement brings the Sejin claim within the Alaska law allowing pass-through claims as stated in *University of Alaska v. Modern Construction, Inc.*, 522 P.2d 1132 (Alaska 1974).

II.   CONCLUSION

Poong Lim and Sejin have entered in to a binding agreement whereby Poong Lim will seek compensation for the

*Poong Lim v. Dick Pacific, et al.*
Case No. A03-0290 Civil (JWS)
Plaintiff's Reply to DPG's Opposition to
Motion to Reconsider -- Page 6

additional costs Sejin incurred due to DPG's breaches of contract on Sejin's behalf.  The impacts Sejin suffered have been admitted by Poong Lim and identified, calculated, and priced by Poong Lim's experts.  Under the Agreement, Poong Lim is obliged to pay Sejin based upon its recovery from DPG.  All for the foregoing are material facts which are sufficient to preclude summary judgment.

Dated:  April 10, 2006        OLES MORRISON RINKER & BAKER LLP
                              Attorneys for Plaintiff

                              By: s/Traeger Machetanz
                                  Traeger Machetanz
                                  machetanz@oles.com
                                  Alaska Bar No. 8411127
                                  J. Craig Rusk
                                  rusk@oles.com
                                  Washington Bar No. 15872
                                  Julia M. I. Holden
                                  holden@oles.com
                                  Alaska Bar No. 0310046
                                  745 West 4th Avenue, Suite 502
                                  Anchorage, AK 99501
                                  Phone: (907) 258-0106
                                  Fax:   (907) 258-5519

P-CBB 133 REP reconsideration re Sejin 041006 109440002

*Poong Lim v. Dick Pacific, et al.*
Case No. A03-0290 Civil (JWS)
Plaintiff's Reply to DPG's Opposition to
Motion to Reconsider -- Page 7

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2006, a true and correct copy of the foregoing was served electronically on:

Bruce E. Davison, Esq.
Joseph A. Pollock, Esq.
Davison & Davison, Inc.
bdavison@gci.net
3351 Arctic Boulevard
Anchorage, AK  99503

OLES MORRISON RINKER & BAKER LLP

By: s/Traeger Machetanz

*Poong Lim v. Dick Pacific, et al.*
Case No. A03-0290 Civil (JWS)
Plaintiff's Reply to DPG's Opposition to
Motion to Reconsider -- Page 8