UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of POONG LIM/PERT JOINT VENTURE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DICK PACIFIC/GHEMM JOINT VENTURE; CONTINENTAL CASUALTY CO.; NATIONAL FIRE INSURANCE CO. OF HARTFORD; SEABOARD SURETY CO.; and ST. PAUL FIRE AND MARINE INSURANCE CO.,<br><br>　　　　Defendants. | Case No. 3:03-cv-00290 JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re:　Motion at Docket 264] |

　　　　At docket 264, Poong Lim/Pert Joint Venture ("Poong Lim") filed a motion requesting the court reconsider its order at docket 261. That order addressed the summary judgment motion filed at docket 157 by Dick Pacific/Ghemm Joint Venture ("DPG"). In that motion, DPG challenged Poong Lim's right to recover from DPG money Poong Lim allegedly owes but has not paid to one of its subcontractors, Sejin. Relying on the Alaska Supreme Court's decision in *University of Alaska v. Modern Construction, Inc.*, 522 P.2d 1132 (Alaska 1974), the court held existing Alaska law does not recognize such a claim. Poong Lim contends in its motion for reconsideration that

*Modern* does not bar its recovery under quantum meruit theory and cites case law in support of that theory.

At docket 265, the court issued an order in which it dismissed the quantum meruit case law as unpersuasive, but noted it had discovered another potential basis on which to reconsider its holding. That basis is the Alaska Supreme Court's decision in *Great Western Savings Bank v. George W. Easley Co.*, 778 P.2d 569 (Alaska 1989), under which Poong Lim seemingly could recover from DPG the money Poong Lim owes Sejin provided it is, in fact, liable to Sejin for that money.

The court directed the parties to submit further briefing on *Great Western*'s applicability and Poong Lim's liability to Sejin. After observing Poong Lim and Sejin's agreement was oral, the court expressed concerns about its enforceability and stressed the importance of that issue to establishing Poong Lim's liability to Sejin. Despite the court's interest in the enforceability of Poong Lim and Sejin's oral agreement, Poong Lim does not discuss that topic in its supplemental briefing. Instead, it offers a written contract it and Sejin entered on April 3, 2006, eleven days after the court issued its order requiring further briefing and six months after the parties submitted their briefing on DPG's summary judgment motion. That contract, Poong Lim argues, establishes its liability to Sejin and thus allows it to recover from DPG the money it owes Sejin.

Poong Lim and Sejin's written contract is not evidence the court may consider on reconsideration. The only evidence the court may consider now is that which surfaced since the parties submitted their briefing on DPG's motion *and* could not have been discovered with reasonable diligence before then. *Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc.*, No. 3:04-cv-00058, slip op. at 2-3 (D. Alaska Feb. 24, 2006) (citations omitted). The written contract surfaced since the parties submitted their briefing on DPG's motion, but it hardly was beyond Poong Lim's ability to discover it earlier. Poong Lim could have discovered it simply by entering it, but Poong Lim elected not to do that until recently.

Poong Lim has failed to establish grounds for reconsideration of the order at docket 261 because it has not shown its oral agreement with Sejin is enforceable and

submitted its written contract with Sejin too late.  Consequently, its motion for reconsideration at docket 264 is **DENIED**.

Finally, and in response to the joint status report filed at docket 274, the court will hold a scheduling conference on **June 6, 2006**, at **2:00 p.m.** at which the court will set the trial date and pre-trial deadlines.  The parties should come to the conference prepared to provide two mutually-convenient trial dates not earlier than **August 21, 2006.**  Also, the court will hear from the parties about whether a settlement conference would help them resolve their dispute and about any issues they feel need to be addressed before trial.

DATED at Anchorage, Alaska, this 11th day of May 2006.

                          /s/
                    JOHN W. SEDWICK
      UNITED STATES DISTRICT COURT JUDGE