MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*Poong Lim/Pert Joint Venture v. Dick Pacific/Ghemm Joint Venture*

THE HONORABLE JOHN W. SEDWICK                                         3:03-cv-00290 JWS

PROCEEDINGS:        **ORDER FROM CHAMBERS**                     August 10, 2006

      The court has set this case for a multi-week trial.   Attempting to keep the court's calendar clear of criminal trials (something likely to prove impossible) and to find alternate times for civil trials during the lengthy period set aside for trial in this case poses significant challenges to the court and imposes considerable inconvenience on other litigants.

      The court is aware that the parties have made a serious effort to settle this case, and have obtained a recommendation for settlement from a professional mediator who is said to be very skilled in the evaluation and resolution of construction contract litigation.  The court is also aware that litigation as complex as the case at bar almost never actually goes to trial, because the costs of trial are so high and the risk of an undesirable result sufficiently probable in relation to a favorable outcome at trial.

      If this case follows the pattern of other complex civil litigation, it will settle at some point.  However, if resolution is not achieved until close to the trial date, it will be too late to avoid the problems and inconvenience to the court and other litigants caused by the calendaring of a lengthy trial in this case.

      For the reasons above, **IT IS ORDERED** that counsel for each party shall do the following:

      (1) Immediately provide his client with a copy of this order, and where appropriate it shall be accompanied by a translated copy.

      (2)  On or before August 25, 2006, present his client with an estimate of the highest possible cost of final pre-trial preparation and trial of this case, including attorneys' fees, translator charges, document reproduction costs, travel and per diem costs for counsel, translators and witnesses, and any other expenses counsel envsions the client will have to pay.

      (3)  On or before August 25, 2006, present his client with estimates of (i) the worst realistically possible outcome if the case goes to trial, (ii) the best realistically possible outcome if the case goes to trial, and (iii) the most likely outcome if the case goes to trial.

      (4)  After thoroughly discussing the information in items (2) and (3) above with his client, meet and confer in person with opposing counsel on or before September 8, 2006, to discuss why the mediator's recommendation, or some other reasonable resolution should not be agreed upon.

      (5)  Unless closing papers are sooner filed, on or before **September 15, 2006**, file a joint report advising the court of the potential for settlement.

------------------